UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JERRY W. WHITSON,

    Plaintiff,

    v.

AMERICAN BANKERS INSURANCE
COMPANY OF FLORIDA,

    Defendant.

Case No. C05-5510FDB

ORDER OF REMAND

    Plaintiff moves to remand this cause of action to recover on an insurance policy because Defendant did not prove that there is a factual basis for this Court's jurisdiction nor did Defendant remove this action timely. Moreover, Plaintiff now asserts that Defendant did not file a timely response to his remand motion.

    Defendant's response was due September 19, 2005 but was not filed until September 23, 2005. Defendant argues that it did not actually receive a copy of Plaintiff's Complaint until June 27, 2005. Nevertheless, Washington law designates the Washington State Insurance Commissioner as the defendant's agent for purposes of receive service of process. R.C.W. 48.05.200(1), and Plaintiff served the Insurance Commissioner with his Summons and Complaint on June 22, 2005. The Insurance Commissioner then mailed that Summons and Complaint to Corporation Service

ORDER - 1

Company, the entity to whom Defendant had directed the Insurance Commissioner to mail summons and complaints, and Corporation Insurance Company signed a certified mail receipt showing that it received the Summons and Complaint on June 23, 2005.  While it is not entirely clear whether service on a statutory agent is sufficient to start the 30-day removal period, service on an agent designated by the defendant is sufficient . *See Barr v. Zurich Ins. Co.*, 985 F. Supp. 701 (S.D. Tx. 1997)(Service of the complaint upon the agent designated by the defendant constituted the defendant's "receipt" within the meaning of 28 U.S.C. § 1446(b), from which the 30-day period for removal began to run);and *see* Schwarzer, Tashima & Wagstaffe, Rutter Group Prac. Guide: Fed. Civ. Pro. Before Trial at 2D151-152 (The Rutter Group 2005).

      ACCORDINGLY, IT IS ORDERED:

1. This cause of action is REMANDED to Thurston County Superior Court.
2. Plaintiff's Motion to Strike [Dkt. # 5] is STRICKEN as MOOT in view of the Court's Order of Remand.
3. The Court declines to award Plaintiff attorney's fees for bringing this motion.

DATED this 28th day of September, 2005.

*[signature]*

FRANKLIN D. BURGESS
UNITED STATES DISTRICT JUDGE

ORDER - 2